



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY SHEPARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-112** |
| **RICHARD J. PENNINGTON ET AL.** | **SECTION "S" (2)** |

## REPORT AND RECOMMENDATION

Plaintiff Rodney Shepard is a convicted prisoner presently incarcerated in the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. He filed this pro se and in forma pauperis complaint against Richard Pennington, Chief of the New Orleans Police Department; New Orleans police officers James Daughtry and Herbert Bovia; and Orleans Parish Criminal Sheriff Charles Foti.

Plaintiff alleges that "[o]n April 5, 1997, Detective James Daughtry and Officer Herbert Bovia arrested me without probable cause for burglary." Record Doc. No. 1, Complaint at ¶ IV. He has complained alternatively in two separate complaint forms that Pennington and/or Foti are "in charge of" or "hired these officers" and therefore are responsible for their actions. Id. Independent research by staff of the undersigned

DATE OF ENTRY **FEB 0 1 2000**

DATE OF MAILING **FEB 0 1 2000**



magistrate judge has confirmed that plaintiff is currently incarcerated in AVC on the basis of this burglary conviction. Record Doc. No. 1, Complaint at ¶ IV. Shepard seeks damages for violation of his Fourth Amendment rights in the amount of $2.5 million. Id. at ¶ V.

## ANALYSIS

(A)   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the Court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless." Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's Section 1983 claims must be dismissed under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), because they lack an arguable basis in law and because his complaint fails to state a claim under the broadest reading.[1] In addition, the habeas corpus aspects of his claims should be dismissed without prejudice for failure to exhaust his state court remedies.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

(B)   SECTION 1983 CLAIMS

To whatever extent plaintiff may seek monetary damages in this action, the complaint must be dismissed. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that any civil action for damages for alleged civil rights violations, which undermines the validity of a state court conviction or imprisonment that has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's damages claim that he was arrested on a burglary charge, without probable cause, in violation of his Fourth Amendment rights, bears directly upon the validity of his present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Shepard was

4

ultimately convicted on the criminal charges that are the basis of the instant suit. Neither his conviction nor his sentence have been set aside in any of the ways described in <u>Heck</u>. Thus, any claim for damages plaintiff asserts concerning his continued imprisonment are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

(C)   <u>HABEAS CLAIMS</u>

Shepard's complaint in substantial part challenges the very fact and duration of his confinement. He claims that he was arrested on a charge of burglary without probable cause. As noted above, Shepard is currently incarcerated at AVC on the basis his subsequent burglary conviction.

Although plaintiff's suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, this Court is required first to examine plaintiff's complaint to ascertain whether his claims, if proven true, would undermine the validity of his continued confinement. A prisoner who challenges the very fact or duration of his physical imprisonment and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than Section 1983 civil rights relief. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Clarke v. Stalder</u>, 121 F.3d 222, 226 (5th Cir. 1997); <u>Caldwell v. Line</u>, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although

plaintiff filed his complaint on a form reserved for Section 1983 complaints, his action must initially be treated as a petition for habeas corpus relief to whatever extent his claims challenge his incarceration and may result in release from custody. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997), cert. denied, 118 S. Ct. 1845 (1998). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. Id. "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Shepard does not allege that he has exhausted his state court remedies. On the contrary, on the first page of his complaint, he indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, Complaint at ¶ I. Furthermore, independent research by staff of the undersigned magistrate judge has confirmed that Shepard has not filed any claims concerning his burglary conviction in the Louisiana Supreme Court. Accordingly, Shepard's petition for habeas corpus relief must be dismissed without prejudice so that he may challenge his conviction and/or sentence in state court and allow the state courts an opportunity to rule on the merits of his unexhausted claim.

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

**IT IS FURTHER RECOMMENDED** that plaintiff's habeas corpus claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___3/30___ day of January, 2000.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE