

FILED

JUN 26  2 51 PM '00

WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RODNEY SHEPARD | CIVIL ACTION |
|---|---|
| VERSUS | NO. 00-112 |
| CHARLES C. FOTI, JR. ET AL. | SECTION "S" (2) |

### FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff Rodney Shepard was an inmate incarcerated in the Avoyelles Correctional Center. He was subsequently transferred to the Orleans Parish Prison system. Plaintiff instituted the captioned suit in the United States District Court for Middle District of Louisiana pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated on April 5, 1997 when he was arrested without probable cause on a charge of burglary. Plaintiff's complaint was transferred to this Court from the Middle District on January 7, 2000, Record Doc. No. 1. Plaintiff seeks monetary damages.

DATE OF MAILING __JUN 2 6 2000__

DATE OF ENTRY
JUN 2 6 2000

By order dated April 24, 2000, a preliminary conference was scheduled in this case on May 25, 2000. The purpose of the conference was to examine the basis of plaintiff's claims and to select pretrial and trial dates, if appropriate. Record Doc. No. 17. On May 22, 2000, just a few days before the conference on May 25, 2000, defense counsel advised the Court that plaintiff had been released on April 19, 2000. Plaintiff failed to provide his new address to the Court as required by Local Rules 11.1E and 41.3.1E and, therefore, did not participate in the conference on May 25, 2000 because he apparently did not receive the Court's April 24, 2000 order.

Defense counsel provided the Court with plaintiff's last known address according to the information plaintiff had provided at the jail and by order dated May 25, 2000, plaintiff was ordered to appear in person or by telephone on June 14, 2000 to explain the basis of his claims and to select pretrial and trial dates, if appropriate. Plaintiff was specifically advised that failure to appear in person or by telephone on June 14, 2000 would result in dismissal of his case for failure to prosecute. Record Doc. No. 18. This order was mailed to plaintiff at his last known address which he had provided at the jail. This mail was returned to the Clerk's Office. At the time of the conference on June 14, 2000, Linda Morin, counsel for defendants, appeared via telephone, but again plaintiff did not appear in person or contact the Court in any way.

Some mail addressed to plaintiff has been returned to the Clerk's Office. All litigants are obligated to keep the Court advised of any address change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains a declaration dated November 18, 1999 and signed by plaintiff which specifically states: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the Court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this Court must weigh his actions alone in

considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The Court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the Court's April 24 and May 25, 2000 orders to participate in a telephone conference clearly reflects a failure on the part of plaintiff to prosecute. In addition, his failure to provide the Court with a proper mailing address upon his release from prison, as required by the Local Rules, has made it impossible to proceed. The Court has received nothing from plaintiff since April 17, 2000, Record Doc. No. 16, and has no knowledge of his whereabouts. Thus, this case is similar to Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991), in which the Court of Appeals upheld this Court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Camp St., New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the Court's previous orders dated April 24 and May 25, 2000.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Rodney Shepard be dismissed for failure to prosecute. Under the circumstances, it is recommended that the dismissal be without prejudice, in the event plaintiff informs the Court of his whereabouts in a timely fashion.

New Orleans, Louisiana, this ____26th____ day of June, 2000.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE